In the US District Court for the District of Oregon

Benjamin Jay Barbe
and
Jay David Leatherwood
and
Jaycob Patrick Holten

vs

Pat Garrett

Case no (Entered by the Clerk)

Notice of Removal FRCP 11
Pursuant to 28 USC §1454, 28 USC §1338(a); 28 USC §1443

FILED 6 NOV '19 11:18 USDC-ORP

3:19-cv-01964-YY

# Notice of Removal to Federal Court

Comes now, the petitioner, to remove the state Post Conviction Relief to federal Court pursuant to 28 USC §1454; 28 USC §1338(a); 28 USC §1443

Removal is proper for two reasons: (1) the Court has exclusive subject matter jurisdiction of all claims that arise under the Copyright act (2) Obstruction and delay in adjudication of federal claims by the state Court, rendering the state process ineffective.

Barbe's petition for post conviction relief claims that the ORS 163.472 is completely preempted by the Copyright act 17 USC §301, expressly preempted by the Copyright act 17 USC §201(e), that the alleged oral agreement not to disseminate images is expressly preempted by the Copyright act 17 USC §204, and that the DMCA notice 17 USC §512 was purjered and there was no reason he "reasonably should have known" she didn't consent.

PAGE 1

"In summary the T.B. Harms test requires the District Court to exercise jurisdiction if (1) the Complaint asks for a remedy expressly granted by the Copyright act; (2) the Complaint requires an interpretation of the Copyright act; or (3) federal principals should Control the claim" Just Med v. Byce 600 F.3d 1118, 1124

"Thus pursuant to section 1454(a) 'the assertion of a Copyright claim by either plaintiff or defendant may serve as the basis for removal' Concordia Partners LLC wl 4060253 at 1"
Hanson v. Randal 4:18CV0425 (W.D.AR) (2018)

"Accordingly we hold that the preemptive force of section 301(a) of the Copyright act transforms a state law Complaint asserting Claims that are preempted by Sec 301(a) into a complaint stating a federal claim for the purposes of a well pleaded Complaint rule. Since claims preempted by Sec 301(a) arise under federal law, removal actions raising those claims to a federal district Court is proper"
Rociszewski v. Arete Associates Inc., 1 F.3d 225, 232-235 (adopted as stated by Voltage Pictures LLC v. Doe Civ no 6:14-CV-812-MC (D.OR) (2014))

Barber filed a Motion to Remove the state criminal prosecution in 16CR46339 (CirCt Wash Co.) to the district court in 16CV02105-AC, denied on Younger abstention grounds

PAGE 2

"federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised (2) actually disputed (3) substantial, and (4) capable of resolution in federal court"
Gunn v. Minton 568 US 251, 258

"a petition of mandamus is properly before a court on a substantial allegation of usurpation of power (involving) an issue of first impression...' Schlagenhauf v. Holder 379 US 104, 111"
Goldblum v. National Broadcasting Corp 584 F.2d 1907

(2) The state Court is ineffective, as it has been 2 years, and the state PCR proceeding has still not proceeded from the pleading stage. Moreover Barbe attempted to use a writ of Habeas Corpus in the interim, and has appealed that to the Supreme Court of Oregon in case no S066974, and filed an original writ of Habeas Corpus in the Supreme Court of Oregon S066037. So far no Oregon Court has addressed the constitutionality of ORS 163.472 as a restriction of speech.

When there are excessive delays in post conviction appeals the Court has allowed removal to federal Court see Coe v. Thurman 922 F.2d 528, 530; Okot v. Callahan 988 F.2d 631, 633 The four factor test is (1) the length of delay (2) reasons for delay (3) apellants assertion of right of timely review and appeal (4) prejudice Barker v. Wingo 407 US 514, 530

PAGE 3

see also phillips v. vasquez 56 F.3d 1030, 1036 for the proposition that PCR cases can be removed for delay.

The length of delay has been so far 2 years for the post Conviction Relief, and 3 years since the conviction of 5 misdemenor charges of ORS 163.472

The reason for the delay is entirely frivilous, the first PCR attorney filed a motion to withdraw, and subsequently the state filed a motion to dismiss pursuant to ORS 138.580 alleging Barbe did not attach evidence, when an allegation that ORS 163.472 is unconstitutional does not require evidence. The Court dismissed the PCR without the petitoner being able to file a response, because the Court refused to grant the motion to withdraw. Subsequently the judgement was vacated, and barbe was appointed a subsequent Counsel, who told barbe that claims arising under the federal law and constitution could not be raised in PCR, despite attaching church v. Gladden opinion which states otherwise, so Barbe asked he to withdraw. Barbe filed a pro-se Amended Petition, followed by a motion for Summary Judgement as a matter of law, and a motion for appointment for standby Counsel. District Attorney filed a motion to dismiss on the same grounds, and at the hearing that motion was denied, despite defaulting on the motion for Summary judgement and the matter being ripe, the judge forced barbe to have representation by Counsel, and stated that we would start over.

PAGE 4

Barber has asserted at every probation violation that the statute is unconstitutional and the Court lacked jurisdiction. Barber has filed several Habeas Corpus petitions in state and Federal Court see (18CV1870-AC, 18CV2063-AC, 18CV-???-MC (USDC D.OR)); (S066037, S065??? (OR Sup ct)); (18CV21272, 18CV30577 (or cir ct wasco)) and several post conviction relief petitions (18CV14984, 17CV44670 (or cir ct wasco)); and several 42 USC §1983 petitions (16CV02105-AC, 18CV0855-AC, 19CV1631-YY (USDC D.OR)). The state Habeas Corpus petitions have been appealed to the state Supreme Court S066974

Barber is prejudiced because it is likely that the matter will not be resolved, and will be mooted when Barber's sentence ends in Nov 2020. Moreover Barber's first Amendment rights merit special consideration

"The first Amendment informs us that the damage from a prior restraint -- even a prior restraint of the shortest duration is extraordinarily grave." Columbia Broad. sys. v. United States Dist Ct. cent Dist. of Cal. 729 F.2d 1174, 1175 (citing Elrod v. Burns 427 US 347, 373)

"issuance of a writ of Mandamus is appropriate to prevent harm to first Amendment rights that would occur if review of the district Courts decision had to wait until final judgement" In re Asbestos school litigation 46 F.3d 1284, 1286

PAGE 5

Younger Abstention is not appropriate because the state proceedings have been insufficient to adjudicate the merits of the constitutionality of the statute see Polykoff v. Collins 816 F.2d 1326, 1332. The statute is flagrantly unconstitutional see Cebbos v. Judges of Superior Court, Santa Clara County 883 F.2d 810, 814 because the statute is completely preempted by the Copyright act cf Bud Antle Inc v. Barbosa 35 F.3d 1355, 1365-66, and the statute is a content and viewpoint based restriction of speech cf Kime v. United States 459 US 949, 954, and a prior restraint of speech cf In the Matter of Providence Journal Company 820 F.2d 1342 because then the judgement would be frivilous or transparently invalid Walker v. City of Birmingham 388 US 307, 315 and Younger abstention is not applicable when states intentionally try to violate federal rights and also where many people are affected such as copyright licensees and multiple defendants Krahm v. Grahm 461 F.2d 703; Alexander v. United States 509 US 544, 550, because those prosecutions are made in bad faith United States v. Jenkins 504 F.3d 694, 700

Petitioner also asks the Court to take judicial notice of the Memorandum of law submitted in Benjamin Barber vs Oregon et al Case no 19-CV 01631-YY USDC D.OR for the arguments of law that demonstrate that ORS 163.472 is unconstitutional

Date 10/30/19        PAGE 6         Ben Barber