Verified Correct Copy of Original 6/12/2019.

In the Circuit Court of Oregon for the County of Washington

Benjamin Barber
and
Jaycob Patrick Hotten
and
Jay David Leatherwood
vs
Pat Garrett, Sheriff

Case no 17CV44670
Amended Petition
for Post Conviction Relief

FILED
OREGON JUDICIAL DEPT.
WASHINGTON COUNTY
2019 JUN 12 P 4:54

1

Comes now, the petitioners, pro-se, to petition the Court for post-conviction relief pursuant to ORS 138.530, and seek to have the convictions rendered in Washington County Court voided.

2

All petitioners are convicted of the statute ORS 163.472 "unlawful dissemination of an intimate image", which is a facially unconstitutional statute as applied to anyone.

3

Petitioners seek class action status, and to have any person who is convicted of ORS 163.472 to be relieved from judgement.

4

ORS 163.472 is also an artfully plead copyright claim, and is completely preempted by the Copyright act 17 USC §301(a), which means that the Court did not have subject matter jurisdiction.

5

All claims for relief that arise under copyright law, are in the exclusive jurisdiction of the federal District Court see 28 U.S.C. §1338(a); 28 USC § 1454 and should be removed to federal Court see also JustMed v. Byce 600 F3d 1118, 1124

PAGE 1

6

Benjamin Jay Barber was imprisoned by virtue of a judgement and sentence imposed by Washington County Circuit Court in: The State of Oregon vs Benjamin Jay Barber 16CR46339 on November 9th 2016 by Judge Roberts sentenced to 5 Counts

7

Jay David Leatherwood was imprisoned by virtue of a judgement and sentence imposed by Washington County Circuit Court in: The State of Oregon vs Jay David Leatherwood 16CR50631 on October 26th 2016 by Judge Erwin sentenced to 3 Counts

8

Jaycob Patrick Holten was imprisoned by virtue of a judgement and sentence imposed by Washington County Court in: The State of Oregon vs Jaycob Patrick Holten 18CR44240 on July 18th 2018 by Judge Hunsaker sentenced to 2 Counts.

9

Class action status is authorized by the U.S. Supreme Court precedents in Broadrick v Oklahoma 413 US 601, 612 known as first amendment standing; Powers v Ohio 499 U.S. 400, 411 known as third party standing; and in Coalition of Clergy vs Bush (9th cir 2006) describing the "next friend" standing and class action status in Habeas Corpus cases, of which PCR is a statutory derivative.

10

Class action status would serve judicial economy by addressing common matters of law e.g. is ORS 163.472 Constitutional, the petitioners have the genuine interests of the class to represent the class, and any matters not in common can be bifurcated or severed if for some unknown reasons the parties have a conflict of interests

PAGE 2

Verified Correct Copy of Original 6/12/2019

Claims pursuant to ORS 138.530 (1)(d)

### Claim 1
ORS 163.472 violates Article 1 Section 8 of the Oregon Constitution, as a Content and viewpoint based restriction of speech.

### Claim 2
ORS 163.472 violates the first Amendment to the U.S. Constitution as a Content based restriction of speech

### Claim 3
ORS 163.472 violates the first Amendment to the U.S. Constitution as a "hecklers veto" of speech

### Claim 4
ORS 163.472 violates the first Amendment to the US Constitution as prior restraint of speech

### Claim 5
ORS 163.472 is overly broad compared to the states compelling interest, and restricts too much speech under the first Amendment.

### Claim 6
ORS 163.472 is under inclusive to the States Compelling interest, to masquerade as a secondary effect, rather than a viewpoint, based restriction of speech, violating the First Amendment to the U.S. Constitution

### Claim 7

ORS 163.472 is unconstitutionally vague under the First Amendment and the due process clause of the 14th Amendment to the U.S. Constitution in sections (1)(a), (1)(b), (4)(b), (4)(e).

### Claim 8

ORS 163.472 is completely preempted by 17 U.S.C. §301(a) of the Copyright act, violating the Supremacy clause Article VI of the U.S. Constitution, and Article I Section 8 clause 3 the Copyright clause of the U.S. Constitution.

### Claim 9

ORS 163.472 is an artfully plead Copyright claim, and is really a federal claim arising under federal law, and was made to thwart the Copyright regime, by vesting rights to veto or consent to the exercise of rights vested exclusively to the owner of a Copyright.

### Claim 10

ORS 163.472 is expressly preempted by 47 USC §230, because it punishes users of websites, who republish information Content, provided by another information Content provider.

### Claim 11

ORS 163.472 violates the dormant Commerce clause of the U.S. Constitution Article I section 8 clause 1, because the internet is a vehicle of interstate Commerce, and the statute adversely impacts the internet pornography industry, and the intellectual property licenses given to internet service providers.

PAGE 4

Verified Correct Copy of Original 6/12/2019

### Claim 12

ORS 163.472 violates the taking clause of the 5th Amendment of the U.S. Constitution and Article 1 §18 of the Oregon Constitution by siezing property of copyright holders and their licensees.

### Claim 13

ORS 163.472 violates the Contract clause of the US Constitution Article 1 section 10, and the Oregon Constitution Article 1 §21, by nullifying contracts or promises made by the subjects of the photographs, through the use of the "Hecklers veto".

### Claim 14

ORS 163.472 violates the due process clause of the 14th Amendment to the U.S. Constitution, by using a "reasonable person" standard of scienter or mens rea.

### Claims pursuant to ORS 138.530 (1)(b)

### Claim 15

Because ORS 163.472 is completely preempted by the Copyright act and is an artfully plead copyright claim (see claim 8 and 9), the state claims are automatically converted to federal claims arising under federal law, with exclusive jurisdiction in the U.S. District Court, and the state lacked subject matter jurisdiction.

### Claim 16

The arresting officer purjered the probable cause affadavit, and listed the victims address as the locus delecti (location) of the crime, because the arresting officer did not know where the images were uploaded.

PAGE 5

### Claim 17

The venue of the trial is not where the victim is embarrassed, but where the defendant uploaded the images to the internet.

### Claim 18

The court lacked in personam jurisdiction of acts that occurred outside the territory of the County of Washington.

## Claims pursuant to ORS 138.530(1)(a)
## Jay David Leatherwood

### Claim 19

Trial attorney failed to investigate the Constitutionality of ORS 163.472, because he relied on the work of attorney for Barber, to investigate those claims, who was himself ineffective.

### Claim 20

Trial attorney failed to object to the venue or jurisdiction of the crime, or the sufficiency of the indictment he was charged with.

### Claim 21

Trial Counsel was ineffective and as a result violated the petitioners 6th Amendment rights by advising him to take a plea deal, when no factual basis to take a plea was present at the time.

### Claim 22

Deputy District Attorney abused prosecutorial discretion, by selectively enforcing ORS 163.472 on the basis of gender, by not prosecuting the victim for committing the same crime violating equal protection 14th Amendment.

PAGE 6

Claims pursuant to ORS 138.530 (1)(a)

Jaycob Patrick Holten

### Claim 23

Trial attorney recieved a brief drafted by Barber indicating that ORS 163.472 is flagrantly unconstitutional, trial attorney did not file a demurer but instead showed it to the Deputy District Attorney who offered petitioner a better plea deal instead. Trial attorney used "big words" that confused petitioner into taking a plea deal.

### Claim 24

Trial attorney was aware that the videos were made originally for a commercial purpose, as admitted by the Deputy District Attorney, she consented to have the images uploaded to Pornhub. Images made with commercial purpose are specifically exempted by ORS 163.472(4)(f)(B)

### Claim 25

Trial attorney failed to object to the venue or the sufficency of the indictment that he was charged with.

### Claim 26

Trial attorney worked for the same firm as petitioner Ceatherwood's and petitioner Barber's, and was likely a pattern of negligence.

### Claim 27

By having the petitioner sign a plea deal with no factual basis, the trial attorney violated the petitioner's right to effective assistance of counsel under the 6th Amendment to the U.S. Constitution.

Claims pursuant to ORS 138.530 (1)(a)
Benjamin Jay Barber

### Claim 28

The trial court failed to issue a finding of law regarding the constitutionality of ORS 163.472, when it was required to presume that the statute was unconstitutional and shift the burden to the Deputy District Attorney, and rebut the presumption that ORS 163.472 is not unconstitutional, which violated the petitioners due process rights under the 14th amendment to the U.S. Constitution.

### Claim 29

The trial court failed to issue the ruling, because Judge Butterfield, is lazy, vindictive, and pushes his work onto other judges, according to Judge Bailey. This is why the Deputy District Attorney met with Judge Erwin Ex Parte to reassign the case to Judge Roberts, which violated petitioner's due process by not granting him the chance to object to the assignment of Judge Roberts, who was biased.

### Claim 30

Judge Roberts displayed her bias, by ruling on motions made pro se by petitioner, without even reading the motions, and ignored a motion to remove to federal court, despite the fact she was not entitled to do so. Roberts acknowledged that the victim admitted to committing ORS 163.472 in her testimony to the court, and asked petitioner if her doing so gave the petitioner the right to do so as well. Either victim consented by her own dissemination, or she is also guilty of ORS 163.472 and the court is practicing selective prosecution on the basis of gender violating the equal protection 14th Amendment

PAGE 8

### Claim 31

Judge Roberts further displayed her bias, by stating there was no evidence that the images were Copyrighted, after petitioner had informed her that 17 USC §301 preempts all state laws protecting rights equivalent to Copyright, despite the victim testifying that this issue is a Copyright issue, and she unsuccessfully tried to use the DMCA 17 U.S.C. §512 to notify petitioner she did not consent to disclosure.

### Claim 32

A judge who is incompetent by reason of bias violates the due process clause of the 14th Amendment to the US Constitution.

### Claim 33

A judge who proceeds to enter judgement, despite a removal to federal court filed with good cause shown and no objection, proceeds absent of jurisdiction and the trial proceeded Coram non Judice (before a person and not a judge).

### Claim 34

A judge that proceeds despite the Deputy District Attorney notifying the judge that the defendant has told the District Court that the defendant's Counsel was not following his instructions, violates his 6th Amendment rights to effective counsel.

### Claim 35

Judge Erwin violated the petitioner's due process, by meeting the Deputy District Attorney Ex Parte, not giving the defense an opportunity to object to Judge Roberts, and by ruling on the demurer without that chance to object

PAGE 9

### Claim 31

The Arresting officer ommitted evidence exculpatory to the defense that was sent to him via email by petitioner from the discovery and his report. The emails contained information that showed victim had disseminated the intimate images, and that she and petitioner agreed to complete transparency.

### Claim 32

Detective sent a search warrant to mindgeek (owner of Pornhub, Redtube, Thumbzilla). In emails disclosed to the trial attorney by the detective, the mindgeek employee informs the detective that IP address information would be in the next email with the redtube information. The IP address would disprove the allegations that the crime was committed in Washington County since the profile information states Newberg and Portland, OR.

### Claim 33

The Deputy District Attorney was provided a copy of the contract, and an allegation that the statute was preempted by the Copyright act in the 42 U.S.C. §1983 complaint, but she did not bring the information to the courts attention.

### Claim 34

The failure by the prosecution to bring information exculpatory to the defense to the courts notice violates the due process clause of the 14th Amendment according to Brady v Maryland, and lying on the probable cause affadavit also violates due process and renders the conviction void.

PAGE 10

### Claim 35

Deputy District Attorney stated that public figures, who have details of their personal life constantly examined and investigated, and whose intimate images are disclosed, fall within the exception for disclosures with public interest. She subsequently submitted evidence in the probation violation hearing that petitioner was a public figure, and victim testified she gave the images to others, who were strangers she met who were investigating petitioner in regards to his opposition to identity politics, and who blackmailed petitioner with the images.

### Claim 36

Deputy District Attorney stated that the statute does not apply to persons who know that the victim gives the images to strangers on the internet, because they would not reasonably know that the victim does not consent to the disclosure. Victim testified that she gave the images to strangers, who then blackmailed the petitioner with the images.

### Claim 37

The state was bound by Collateral Estoppel to find that the petitioner could not be prosecuted for ORS 163.472, and the prosecution violated due process.

### Claim 38

The victim testified that the videos were made originally for a commercial purpose, but that she changed her mind, images made with a commercial purpose are exempted in ORS 163.472 (4)(f)(B)

PAGE 11

### Claim 39

The Blackmail from Claim 35, 36 was mentioned in the conversation between petitioner and victim in defense exhibit 101, where the petitioner confronted victim about the videos that depict BDSM, and allegations that they depict rape. Detective states they depict "what appears to be consentual sex, between Benjamin and Meagan. In the second one [victim] appears to be tied up." Victim stated they had "debates" whether or not it is rape, "but I always loved our sexual interactions. It would have been rape if I said stop and stopped it but you forced me." These debates and the videos are a controversy about a public figure, and are a part of the public interest.

### Claim 40

The victim signed a contract agreeing to "have transparency, allow access to their social interactions, and the ability to speak to members of one's social groups", later they described it as "complete transparency". This constitutes a waiver of a known right or privilege, to object to any disclosure of any information about them. The agreement was made for the purpose of preventing victims dishonesty, and she manifested intent to be bound, by responding to petitioners intent to disclose her transgressions e.g. abusive behavior, by giving the intimate images to strangers. The consideration offered, was to agree to get married, despite her lying about having been raped when she believed to be pregnant; and what occured had been that she had cheated on the petitioner.

### Claim 41

Trial attorney was ineffective for failing to raise Claims 28-40

PAGE 12

### Claim 42
Trial attorney was ineffective for failing to raise claims 1-18

### Claim 43
Trial attorney was ineffective for failure to ensure that the jury instructions comported with the language of the statute.

### Claim 44
Trial attorney was ineffective for failing to object to the venue and the sufficiency of the indictment he was charged with.

### Claim 45
Trial attorney was ineffective for failing to remove to federal court due to complete preemption pursuant to 28 U.S.C. § 1455.

### Claim 46
Trial attorney refused to rely on the defense that petitioner had provided to him and the arresting officer, that victim had shared the intimate images and committed ORS 163.472, or otherwise that she signed a contract that allowed dissemination by both victim and defendant, meaning that the victim is a prolific liar and mentally ill, and has fabricated criminal accusations in the past.

### Claim 47
Trial attorney refused to produce a copy of the contract, or her statements that she had agreed to complete transparency as evidence for the defense.

Verified Correct Copy of Original 6/12/2019

### Claim 48

Trial attorney refused to produce the email that petitioner had provided to the arresting officer, despite questioning the officer why those emails were missing from his report.

### Claim 49

Trial attorney refused to produce as evidence the link to the website 8chan, where the intimate images had been disseminated, and a person identifying themselves as the victim speaks about the petitioner, contained in the email to the arresting officer.

### Claim 50

Trial attorney failed to cross examine the arresting officer to explain the difference between the narrative in the emails, and the narrative in the officers report, which was written 18 days after the interview.

### Claim 51

Trial attorney failed to cross examine officer in the statement that he needs special equipment to record phone calls, when he is issued a smart phone already able to record his conversation with petitioner.

### Claim 52

Trial attorney failed to cross examine officer on his perjured probable cause affadavit stating the offense occurred at the victims home when victim had told the Court she was afraid that petitioner would find her address at the release hearing.

PAGE 14

### Claim 53

Attorney's failure to cross examine the arresting officer for dishonesty prejudiced the petitioner in the trial court.

### Claim 54

Trial attorney failed to cross examine the victim about her statements to the Court that he sent intimate images to her work, instead of stopping the dissemination when he found out he was under investigation. In fact petitioner sent to the victim a DMCA takedown of videos reuploaded by another user, that confirms that the videos had been removed.

### Claim 55

Trial attorney mistakenly introduced prior bad acts, which had actually been fabrications by victim, without asking the petitioner (or the victim if the accuasations made by the victim had been fabricated, or asking the victim if she has ever fabricated criminal allegations of the petitioner or people other than the petitioner.

### Claim 56

Trial attorney asked victim if she had threatened to have petitioner arrested for fraud, but did not confirm that the allegation was fabricated, that the accused fraud was that petitioner had paid their utilities bill with joint funds as agreed by their marital contract. She did say she was trying to get money from the petitioner, but he did not ask her if she was entitled to the money she had requsted and committed extortion.

PAGE 15

### Claim 57

Trial attorney told the jury that there had been accusations by victim that he had raped her, but he did not cross examine her to confirm if she had fabricated the allegation, he states that she claimed to have been unable to consent by intoxication. Trial attorney failed to introduce her November 24th 2010 statement that her sexual fantasies include BDSM and rape fantasies, and that the videos depict those fantasies made 1 month later, and that those videos were part of the "debates" by the victim with other people that the acts depicted were in fact rape.

### Claim 58

Trial attorney failed to cross examine the victim about her contradictory statements to the arresting officer and the Court. The victim told the Court that it was "very much agreed that this was just between us", and her statements that the videos had been hidden on petitioners website and she gave them access to them, and an email forwarded to the victim informing the victim that the videos were shared 72 hours after production.

### Claim 59

Trial attorney failed to cross examine the victim about her contradictory statements to the Court and arresting officer, she told the arresting officer that we had an agreement that the videos would not be posted, but she told the Court that she was aware they had been posted to his website 72 hours after the videos had been produced.

PAGE 16

Verified Correct Copy of Original 6/12/2019

### Claim 60

Trial attorney had failed to ask victim about the statements in exhibit 101, where petitioner confronts the victim about having fabricated rape accusations against her brother, her ex boyfriend, her ex boyfriend's best friend that she cheated on ex boyfriend with, and a person she cheated on petitioner with. This would show a habit or practice of consenting to behavior that she later fabricates into a crime.

### Claim 61

Trial attorney failed to subpoena Nicholas Gunzberg or Facebook, to authenticate victims admissions to him that she is physically and emotionally abusive, and pretends to be a victim.

### Claim 62

Trial attorney failed to include parts of victims statements to Gunzberg that she hates petitioner, she wants to make him feel pain, and exert control over his life.

### Claim 63

Trial attorney failed to ask the victim about the discussion in exhibit 101 with petitioner about false memory syndrome, about whether or not she can remember easily verifiable facts.

### Claim 64

Trial attorney produced victims mental health records, but could not authenticate them because he failed to subpoena the records from her mental health providers.

PAGE 17

### Claim 65

Trial attorney failed to cross examine victim about her statement in exhibit 101 about being emotionally unstable much of her life, specifically her having Borderline Personality Disorder and bipolar disorder.

### Claim 66

Trial attorney failed to cross examine victim about her statement that her divorce attorney told her she should use ORS 163.472 in the future against petitioner, her statements about giving the images to strangers subsequently after, the impossibility of using the statute for images "hidden" on petitioners website since 2011, the images appearing on 8chan, and the declaration by one of the persons that he did not like the criminal acts that were occuring in 2015 in an attempt to destroy petitioners life.

### Claim 67

Trial attorney raised petitioner's mental health issues without subpoenaing his medical records, or his Counselor. Petitioner had "adjustment disorder" caused by being unsheltered homeless during winter with bleeding intestines caused by ulcers. This circumstance was caused by and large by victims interference with his landlord and tenants, and his employees/clients.

### Claim 68

Trial attorney failed to produce documents from his internet server provider that his unpaid hosting bill would result in the information being deleted, and records showing him backing up as much of it as possible to public hosting providers.

PAGE 18

### Claim 69

As a result of the failures of trial attorney, the petitioner was prejudiced, because the simple explanation of that petitioner had no place to host his content, which is tangentially related to the victims effects of false allegations on his income, was turned into an allegation that petitioner uploaded the images to get revenge on the victim, for truthful rape allegations.

### Claim 70

Trial attorney failed to subpoena the people that vance was conversing with online, or produce their statements on Twitter about her disclosure of intimate images used to blackmail petitioner.

### Claim 71

Trial attorney failed to produce the conversations between herself and strangers online who she was exchanging intimate images with to seek casual sex from them online.

### Claim 72

Trial attorney failed to produce the photographs of the victim nude in public while attending the Naked Bike ride, to refute her contention she would be injured by the disclosure of intimate images of herself, due to her teaching job.

### Claim 73

Trial attorney failed to cross examine the victim about the claim that we agreed the videos would not be posted, due to her career, with her consent to having sex in several public places with petitioner.

PAGE 19

Verified Correct Copy of Original 6/12/2019

### Claim 74

Trial attorney failed to confirm that the videos were made at the same time they had discussed making commercial porn, and failed to reintroduce the emails with commercial pornographers

### Claim 75

Trial attorney failed to request petitioners IP addresses from Google, Gitlab, or facebook, demonstrating where he was located.

### Claim 76

Trial attorney failed to preserve his Amazon web services server, to preserve his IP address logins, and vances FTP server access logs.

### Claim 77

Trial attorney failed to object, that 17 USC § 204, requires that any agreement to not disseminate images must be done in writing.

### Claim 78

Trial attorney failed to object, that a perjured DMCA complaint 17 USC § 512 is notice that the victim did not consent to disclosure.

### Claim 79

Trial attorney failed to request a directed jury verdict for the requirement that petitioner reasonably knows victim did not consent

### Claim 80

Trial attorney failed to object to victims attorney filing objection to the denuncer due to conflict of interest and due process grounds.

PAGE 20

Verified Correct Copy of Original 6/12/2019